CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for Roanoke
MAY -1 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| HOWARD DIETZ CROWE, JR., ) | Civil Action No. 7:14-cv-00195 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| CONMED MEDICAL, et al., ) | By: Hon. Jackson L. Kiser | |
| Defendants. ) | Senior United States District Judge | |

Howard Dietz Crowe, Jr., a Virginia inmate proceeding pro se, filed a Complaint, pursuant to 42 U.S.C. § 1983, naming ConMed Medical and the Western Virginia Regional Jail ("Jail") as defendants. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing Plaintiff's submissions, I dismiss the Complaint without prejudice for failing to state a claim upon which relief may be granted.

I must dismiss claims alleged against the Jail because the Jail is not amenable to suit via § 1983. See West v. Atkins, 487 U.S. 42, 48 (1988) (recognizing a § 1983 claim must allege the violation of a federal right by a person acting under color of state law); Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a "person," and therefore not amenable to suit under 42 U.S.C. § 1983."), aff'd in part and rev'd in part, 203 F.3d 821 (4th Cir. 2000), reported in full-text format at 2000 U.S. App. LEXIS 465, at *3, 2000 WL 20591, at *1 ("The court also properly determined that the Piedmont Regional Jail is not a 'person' and is therefore not amenable to suit under § 1983[.]"). A group of persons, like ConMed Medical, is not a "person" subject to 42 U.S.C. § 1983. See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); Ferguson v. Morgan, No. 1:90cv06318, 1991 U.S. Dist. LEXIS 8295, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991) (concluding that a group of personnel, like "medical staff," is not a "person" for purposes of § 1983). Even if Plaintiff

intended "ConMed Medical" to refer to a non-corporeal entity, he failed to identify any policy, practice, or custom that violated a civil right. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Powell v. Shopco Laurel Co., 678 F.2d 504, 506 (4th Cir. 1982). Accordingly, I dismiss the Complaint without prejudice for failing to state a claim upon which relief may be granted

**ENTER**: This 1st day of May, 2014.

*Jackson L. Kiser*
Senior United States District Judge